# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE THEOBALD<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, INC., et. al<br><br>Defendants. | NO. 3:09-CV-01871<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Suzanne Theobald against Defendants Wal-Mart Stores East, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores, Inc. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d

1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. Diversity is insufficiently alleged as to all Defendants. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Plaintiff alleges the state of incorporation of the corporate defendants, but fails to allege their principal place of business. Plaintiff's Complaint only alleges the registered offices of Defendants, not their principal places of business.

The Third Circuit Court of Appeals has held that "a limited partnership is an unincorporated association whose citizenship is deemed to be that of the 'persons composing such association.'" *Trent Realty Assoc. v. First Federal Savings and Loan Assoc.*, 657 F.2d 29, 31-32 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, (1900)). Plaintiff has failed to allege the persons composing Wal-Mart Stores East, L.P., or their citizenship. Because Plaintiff fails to allege facts regarding the citizenship of Defendant Wal-Mart Stores East, L.P.'s members, the Court cannot determine complete diversity of citizenship exists and thus cannot exercise jurisdiction.

Because the citizenship is insufficiently alleged, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this ___2nd___ day of October, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's

Complaint (Doc. 1) is **DISMISSED without prejudice**.  The Clerk of the Court shall mark this case **CLOSED.**

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge